DECISION. *Page 2 
{¶ 1} Midwest Intermodal Tire Service, Inc., sued Christopher and Melinda Luck for breach of contract and conversion. Although Christopher called Midwest's attorney, the Lucks did not answer the complaint. More than five months later, the trial court granted a default judgment to Midwest. The Lucks moved to have the default judgment set aside under Civ. R. 60(B)(1). The trial court denied the motion. The Lucks now appeal. Because Midwest failed to file a written motion for a default judgment as required by the civil rules and the local rules of court, we reverse.
 I. A Little Background {¶ 2} It is not necessary to recite the facts of the underlying case. But the procedural history is relevant.
 {¶ 3} Midwest filed its complaint in December 2006. The Lucks were served in January 2007. At some point shortly after the Lucks had received the complaint, Christopher called Midwest's attorney and told him that they would "see him in court."
 {¶ 4} Almost six months later, the Lucks still had not filed an answer or otherwise defended themselves. The record does not contain a written motion for a default judgment or a transcript of a hearing on an oral motion.
 {¶ 5} The trial court granted a default judgment in July 2007. The Lucks immediately hired an attorney and moved to set aside the default judgment in September 2007.
 II. The Lucks are in Luck {¶ 6} The Lucks assert two assignments of error. They argue that the trial court erred by (1) granting an "invalid and void" default judgment and (2) not granting *Page 3 
their Civ. R. 60(B) motion to set aside the default judgment. We need not address the second assignment because we sustain the first assignment.
 {¶ 7} Civ. R. 55 states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court." The staff notes to this rule make it clear that Civ. R. 55 works in conjunction with Civ. R. 7(B), which requires that an application to a court must be made by written motion, unless it is made during a hearing or a trial. And Loc. R. 13 of the Court of Common Pleas of Hamilton County requires a party that seeks a default judgment under Civ. R. 55 to file a written motion with the clerk of courts.
 {¶ 8} Midwest did not file a written motion for a default judgment as required by Loc. R. 13 of the Court of Common Pleas of Hamilton County. And it also did not comply with Civ.R 55 and 7, because an oral motion was not made at a trial or a hearing. Thus, the trial court should not have granted the default judgment.
 {¶ 9} For the foregoing reasons, we reverse the entry of the default judgment and remand this case for further proceedings.
Judgment reversed and cause remanded.
 HILDEBRANDT, P.J., and CUNNINGHAM, J., concur. *Page 1